## Case No. 13,228.

### Ex parte SPENCE.

[3 App. Com'r Pat. 220.]

Circuit Court, District of Columbia. Oct. Term, 1859.

PATENTS — APPEAL FROM COMMISSIONER — DIRECTORY REQUIREMENTS OF STATUTE.

[1. The court, on appeal from a decision of the commissioner of patents, can only review his conclusions, and not the processes by which such conclusions may have been attained.]

[2. The commissioner is not required to submit to an exhibition of experiments at the discretion of the applicant.]

[3. The statutory requirement that the commissioner shall give the applicant such reasons and suggestions as will enable him to judge of the expediency of abandoning or modifying his application is directory merely, and his action in the premises is not subject to review on appeal.]

[4. Spence's application for a patent for an improvement in culinary boiling apparatus held properly rejected for want of novelty.]

[Appeal by George S. G. Spence from a decision of the commissioner of patents refusing him a patent for an improvement in culinary boiling apparatus.]

MERRICK, Circuit Judge. It is extremely difficult to ascertain from examining the reasons of appeal filed in the cause what are the precise points of error upon the merits of the claim which are relied on by the appellant. If the real object of the appellant in his two first reasons be to complain that the investigation made by the office was only superficial, and that the reasons for the conclusions arrived at by the office were two obscurely or imperfectly communicated to him by writing, it is here to be observed that the judge upon appeal is only charged to scrutinize the conclusions which the office may have reached in any case, and not the processes by which such conclusion may have been attained; that the law does not require the commissioner to submit to an exhibition of experiments at the discretion of the applicant, but confides in that officer's exercise of such means of informing his judgment as his own mind may direct. And, moreover, while it is certainly the duty of the commissioner, enjoined by the statute, to give a party such reasons and make such suggestions as will enable him to judge of the expediency of abandoning or modifying his application, yet these requirements of the statute are only directory to the commissioner, and not proper matter for the appellate tribunals. But in this case the several office letters of August 9th, 13th, and 26th, appear to have fully answered these directions of the statute; and, were the matter complained of inquirable on appeal, the appellant could not prevail in the face of those letters.

Nor do I perceive any error in the judgment of the office upon the third and fourth reasons assigned. The third reason is calmly an impeachment of the well-settled rule that a pat-

ent shall not be granted for the application of an old contrivance to a new purpose, or in technical language, for "a double use."

The reference to the patent of October 28, 1837, to John Morris, which is assailed in the fourth reason of appeal; appears to me to take away from applicant all color of claim to a patent which he might otherwise have, urged upon the ground that the references embraced in the matter of the third reason did not show a boiler with double sides. But, independent of that reference, the case appears destitute of real merit. I cannot perceive any function of a patentable nature performed by or claimed in the specification for this part of the combination. The prolongation of the flange to the bottom prevents the escape of steam in no more effective way than would a flange of the ordinary length, carefully made and adjusted to the size of the boiler. I entirely concur in the view expressed on that branch of the case in the office letter of August 13th.

Finding no error in the decision of the office upon any of the reasons assigned, I must affirm the decision of the commissioner.

Now, therefore, I hereby certify to the Honorable Wm. D. Bishop, commissioner of patents, that, having assigned the 7th of October for hearing the foregoing appeal, and the appellant having been heard by counsel, I have read and considered the several reasons of appeal, the response of the commissioner to those reasons and the arguments in the case; and, having fully considered the premises, I hereby adjudge and determine that the decision of the office be affirmed, and the application of George S. G. Spence for a patent for an improvement in culinary boiling apparatus as claimed be finally rejected.